**LOUISIANA REGIONAL AIRPORT,**
Ascension–St. James Airport
Authority

v.

**AERO RESOURCES, L.L.C., William
"Bill" Adams, Jerry Bryant, and
Carl Boudreaux.**

Civil Action No. 96–3449–B–M1.

United States District Court,
M.D. Louisiana.

Jan. 24, 1997.

Mathile W. Abramson, Jay Morton Jalenak, Jr., Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, LA, Ricky Lamar Babin, Prairieville, LA, for plaintiffs.

Kevin John Christensen, Aubert & Pajares, Metairie, LA, for defendants.

**RULING ON PLAINTIFF'S MOTION
TO REMAND**

POLOZOLA, District Judge.

■ This matter is before the Court on plaintiff's motion to remand for lack of subject matter jurisdiction. After reviewing the record, the Court finds that the issues involved in this case are state law issues. The issues in this case pertain to a lease agreement the plaintiff has with the defendant, Bill Adams. The plaintiff has the authority to manage the airport and to enter into leases such as that now before the Court pursuant to La. R.S. 2:342. Questions, such as whether Aero Resources, L.L.C. or Jerry Bryant have any rights under the lease, are clearly state law issues. In addition, the question of whether the defendants have breached the lease is a state law issue. To the extent that the reasonableness of the restrictions placed on parachute jumping by the plaintiff is an issue in this case, the Federal Aviation Administration ("FAA"), and not this Court, "will make the final determination of the reasonableness of the airport owner's restrictions which denied or restricted use of the airport [for parachute jumping]."[1] Thus, the reasonableness of plaintiff's restrictions on parachute jumping

---

1. *Skydiving Center v. St. Mary's County Airport Com'n*, 823 F.Supp. 1273, 1283–84 (D.Md.1993) (quoting FAA Airport Compliance Requirements Order 5190.6A, § 4–8(b), p. 17 (October 2, 1989)).

is not an issue which may be litigated before this Court.

Finally, the Court finds that the holding in *Skydiving Center v. St. Mary's County Airport Com'n* does not apply to the facts of this case. In *Skydiving,* the Airport Commission denied the use of the airport for parachute jumping. The prohibition against parachute jumping was in defiance of an FAA compatibility study in which the FAA concluded the airport was safe for parachute jumping. The *Skydiving* court held that the decision to prohibit parachute jumping was preempted by the FAA decision that the airport was safe for parachute jumping. Thus, the Airport Commission did not have the authority to ban parachute jumping at the airport. The *Skydiving* court noted that it is " 'the FAA [that] ... make[s] the final determination of the reasonableness of the airport owner's restrictions' "[2] on parachute jumping. Since the FAA had already determined that a complete ban on parachute jumping was unreasonable, the *Skydiving* court had subject matter jurisdiction to enforce the FAA's decision.

■ In this case, as in the *Skydiving* case, the FAA (in a 1992 study) determined that parachute jumping is a compatible usage of the Louisiana Regional Airport. According to the *Skydiving* court, the 1992 FAA compatibility study preempts any decision by the plaintiff to ban parachute jumping from the airport altogether. However, the plaintiff has not sought to universally prohibit the use of the airport for all parachute jumping. The plaintiff is only seeking to prohibit the defendants from using the airport for parachute jumping because the defendants have allegedly violated **both** the lease with the plaintiff and other rules and regulations set forth by the plaintiff. Parachute jumping is still open to the public at the Louisiana Regional Airport as long as potential skydivers comply with the plaintiff's regulations. The reasonableness of these regulations must be determined by the FAA, and not by this Court.

In summary, the Court holds that the issues in this case arise under state law, and the decision to prohibit the defendant from parachute jumping at the airport is not preempted by federal law. Accordingly, this case shall be remanded to the 23rd Judicial District Court for the Parish of Ascension pursuant to 28 U.S.C. § 1447(d).

Therefore:

**IT IS ORDERED** that plaintiff's motion to remand be and it is hereby GRANTED. Judgment shall be entered remanding this suit to the 23rd Judicial Court for the Parish of Ascension.